JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
William D. Musnoff and Christina Tsichlis, H/W

**DEFENDANTS**
Chrysler Group LLC and
Gegnas Chrysler Plymouth

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William P. Fedullo.
Rosen, Schafer & DiMeo, LLP
121 South Broad Street, 8th Floor
Philadelphia, PA 19107
215-235-6500

Attorneys *(If Known)*
Keith D. Heinold
Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2640

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine   ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury   ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other   **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education   ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Plaintiffs are citizens of Pennsylvania; no properly served Defendant is a citizen of Pennsylvania.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE  8/13/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| William D. Musnoff, et al. | : | CIVIL ACTION |
| v. | : | |
| Chrysler Group LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (✓)

| | | |
|---|---|---|
| 8/13/14 | Keith D. Heinold | Chrysler Group LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2640 | 215-575-0856 | kdheinold@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2792 Leidy Road, Gilbertsville, PA 19525

Address of Defendant: 1000 Chrysler Drive, Auburn Hills, Michigan 48326 (Chrysler Group LLC)

Place of Accident, Incident or Transaction: 297 Armand Hammer Boulevard, Pottstown, PA 19464

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☑  No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

     Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

     Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

     Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

     Yes ☐  No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
     (Please specify)

7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Keith D. Heinold, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 8/13/14 _____     30244

Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/13/14 _____     30244

Attorney-at-Law     Attorney I.D.#

CIV. 609 (6/08)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2792 Leidy Road, Gilbertsville, PA 19525

Address of Defendant: 1000 Chrysler Drive, Auburn Hills, Michigan 48326 (Chrysler Group LLC)

Place of Accident, Incident or Transaction: 297 Armand Hammer Boulevard, Pottstown, PA 19464

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes ☑   No ☐

Does this case involve multidistrict litigation possibilities?          Yes ☐   No ☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
   (Please specify)
7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Keith D. Heinold _____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/0/14 _____   _____   30244

Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/13/14 _____   _____   30244

Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM D. MUSNOFF<br>and<br>CHRISTINA TSICHLIS, H/W, | : | **CIVIL ACTION** |
| | : | |
| | : | |
| | : | |
| Plaintiffs | : | **NO.** |
| v. | : | |
| | : | |
| CHRYSLER GROUP LLC<br>and<br>GEGNAS CHRYSLER PLYMOUTH, | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendants | : | |

**RULE 7.1 DISCLOSURE OF DEFENDANT,
CHRYSLER GROUP LLC**

Please check one box:

☐  The nongovernmental corporate party, _____
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒  The nongovernmental corporate party,   Chrysler Group LLC
in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant, Chrysler Group LLC, states that it is a Delaware limited liability company and is not publicly owned.  Fiat North America LLC, a subsidiary of Fiat S.p.A., a publicly held company, owns more than 10% of Chrysler Group LLC.

MARSHALL DENNEHEY WARNER,
COLEMAN & GOGGIN

BY: _____

KEITH D. HEINOLD
Attorney for Defendant
Chrysler Group LLC

2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2640 (P)
215-575-0856 (F)
kdheinold@mdwcg.com

Dated: _____8/13/14_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM D. MUSNOFF | : | **CIVIL ACTION** |
| and | : | |
| CHRISTINA TSICHLIS, H/W, | : | |
| | : | |
| Plaintiffs | : | **NO.** |
| v. | : | |
| | : | |
| CHRYSLER GROUP LLC | : | JURY TRIAL DEMANDED |
| and | : | |
| GEGNAS CHRYSLER PLYMOUTH, | : | |
| | : | |
| Defendants | : | |

### RULE 7.1 DISCLOSURE OF DEFENDANT,
### CHRYSLER GROUP LLC

Please check one box:

☐      The nongovernmental corporate party, _____
, in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

☒      The nongovernmental corporate party,    Chrysler Group LLC
in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant, Chrysler
Group LLC, states that it is a Delaware limited liability company and is
not publicly owned.  Fiat North America LLC, a subsidiary of Fiat S.p.A.,
a publicly held company, owns more than 10% of Chrysler Group LLC.

**MARSHALL DENNEHEY WARNER,**
**COLEMAN & GOGGIN**

BY: _____

KEITH D. HEINOLD
Attorney for Defendant
Chrysler Group LLC

2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2640 (P)
215-575-0856 (F)
kdheinold@mdwcg.com

**Dated:** _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM D. MUSNOFF         :     **CIVIL ACTION**
       and                 :
CHRISTINA TSICHLIS, H/W,     :
                              :
                 Plaintiffs    :     **NO.**
      v.                       :
                              :
CHRYSLER GROUP LLC       :
       and                 :
GEGNAS CHRYSLER PLYMOUTH,   :
                              :
              Defendants    :

## NOTICE OF REMOVAL

Defendant Chrysler Group LLC, by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby respectfully files the Notice of Removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof avers as follows:

1.     On July 11, 2014, Plaintiffs instituted this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, alleging that Plaintiff Musnoff sustained various injuries to his right hand when the glass of the rear windshield of his 2006 Chrysler Town and Country shattered. <u>See</u> Complaint, attached hereto as Exhibit "A"

2.     Plaintiffs are individuals with a stated residence in Gilbertsville, Pennsylvania. Therefore they are citizens of Pennsylvania. <u>See id.</u> at ¶¶ 1-2.

3.     Plaintiffs' Complaint named as a defendant Chrysler Group LLC. <u>See id.</u> As is explained in further detail below, Chrysler Group LLC is a citizen of Italy.

4.      The citizenship of a limited liability company, such as Chrysler Group LLC, is
        determined by the citizenship of each of its members.  See Johnson v. Smithkline
        Beecham Corp., 742 F.3d 337, 348 (3d Cir. 2013); Zambelli Fireworks Mfg. Co. v.
        Wood, 592 F.3d 412, 420 (3d Cir. 2010).

5.      The traditional elements of corporate citizenship, the principal place of business and State
        of organization, are not proper factors in the citizenship analysis of a limited liability
        company.  See Johnson, 724 F.3d at 347-48 ("The principal place of business of an
        unincorporated entity is therefore irrelevant to determining its citizenship"); Rice Drilling
        B, LLC v. Int'l Assets Advisory, LLC, 2013 U.S. Dist. LEXIS 179394, *12 (W.D. Pa.
        Dec. 23, 2013)(disregarding state of organization of a limited liability company in
        determining its citizenship).

6.      Chrysler Group LLC is a limited liability company with fourteen members.  Each of
        Chrysler Group LLC's fourteen members is a limited liability company:  (1) Fiat North
        America LLC; and (2) thirteen holding companies.[1]

7.      First, as to Fiat North America, LLC, a Delaware limited liability company, its sole
        member is Fiat S.p.A.  Fiat S.p.A. is a citizen of Italy, because it is a corporation
        organized and existing under the laws of Italy, with its principal place of business in
        Turin, Italy.  See 28 U.S.C. § 1332(c)(1) (instructing that "a corporation shall be deemed
        to be a citizen of every State and foreign state by which it has been incorporated and of
        the State or foreign state where it has its principal place of business.").  Because its sole
        member is a citizen of Italy, Fiat North America LLC is also a citizen of Italy.

---

[1] The names of these holding companies are: (1) FNA Holdco 00, LLC; (2) FNA Holdco 01, LLC; (3) FNA Holdco
02, LLC; (4) FNA Holdco 03, LLC; (5) FNA Holdco 04, LLC; (6) FNA Holdco 05, LLC; (7) FNA Holdco 06, LLC;
(8) FNA Holdco 07, LLC; (9) FNA Holdco 08, LLC; (10) FNA Holdco 09, LLC; (11) FNA Holdco 10, LLC; (12)
FNA Holdco 11, LLC; and (13) FNA Holdco 12, LLC.

8.     Second, Fiat North America LLC is the sole member of each of the thirteen holding companies, FNA Holdco 00, LLC through FNA Holdco 12, LLC. As such, each of the thirteen holding companies is also a citizen of Italy.

9.     Therefore, for jurisdictional purposes, Chrysler Group LLC is not a citizen of Pennsylvania, as none of its members are citizens of this Commonwealth.

10.     Plaintiffs' Complaint also names as a defendant Gegnas Chrysler Plymouth ("Gegnas"). See Exhibit "A."

11.     Although Gegnas is alleged to be a Pennsylvania corporation, Plaintiffs have been unable to effect service on it. See Affidavit of Non-Service, attached hereto as Exhibit "B."

12.     Nor does service appear likely in the future, as Gegnas is no longer in business. See id.

13.     A defendant's citizenship is not considered in a jurisdiction analysis if it has not been properly joined and served. See Banks v. Kmart Corp., 2012 U.S. Dist. LEXIS 29344 (E.D. Pa. 2012); see also Copley v. Wyeth, Inc., 2009 U.S. Dist. LEXIS 33703 (E.D. Pa. Apr. 22, 2009) (where a non-forum defendant removes after it has been served, but prior to any service upon a forum defendant, removal by the non-forum defendant is proper).

14.     As Plaintiffs have not yet been able to serve Gegnas, and service does not appear likely in the future, Gegnas's citizenship should not be considered in this diversity analysis.

15.     Because Plaintiffs are citizens of Pennsylvania, and Chrysler Group LLC is not, diversity of citizenship exists in this case.

16.     Further, Chrysler Group LLC believes that Plaintiff is demanding an amount in controversy, exclusive of interest and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332(a). Plaintiffs' Complaint alleges that Plaintiff Musnoff required emergent surgical repair of a completely lacerated tendon in his right hand, and will

suffer permanent residual effects of his injuries. See Exhibit "A" at ¶ 12. In the professional opinion of the undersigned, such allegations are indicative of an amount in controversy in excess of $75,000, exclusive of interest and costs.

17.   This Civil Action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000 exclusive of interest and costs. Accordingly, this matter is one which may be removed to this Court by notice pursuant to 28 U.S.C. §§ 1441 and 1446.

18.   Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal has been filed within thirty (30) days after service of Plaintiff's Complaint on Chrysler Group LLC on July 18, 2014. See Return of Service, attached hereto as Exhibit "C."

19.   Because Gegnas has not yet been properly served, its consent to this removal is not required. 28 U.S.C. § 1446(b)(2)(A).

20.   Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service attached hereto.

21.   Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

22.   Copies of all process, pleadings and Orders served upon the defendant are attached hereto in accordance with 28 U.S.C. § 1446(a). These consist of the aforementioned Exhibits "A," "B," and "C," as well as the entry of appearance of the undersigned for Chrysler Group LLC, a copy of which is attached hereto as Exhibit "D."

WHEREFORE, Defendant Chrysler Group LLC hereby removes this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:_____
      Keith D. Heinold
      Attorney ID. No. 30244
      Attorney for Defendant,
      Chrysler Group LLC

      2000 Market Street
      Philadelphia, PA  19103
      215-575-2640 (P)
      215-575-0856 (F)
      kdheinold@mdwcg.com

DATED: _____8/13/14_____

## **VERIFICATION**

I, Keith Heinold, hereby state the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_____

KEITH D. HEINOLD
Attorney for Defendant,
Chrysler Group LLC

DATED:_____

## CERTIFICATE OF SERVICE

I, Keith D. Heinold, hereby certify that I am attorney for defendant, Chrysler Group LLC, in the within action, that I am duly authorized to make the certification; and that I have served upon all persons listed below a true and correct copy of the Notice of Removal in the above-captioned matter, via United States mail, on this date addressed as follows:

William P. Fedullo
ROSEN, SCHAFER & DiMEO, LLP
121 South Broad Street – 8th Floor
Philadelphia, PA  19107


Gegnas Chrysler Plymouth
3875 Kensington Avenue
Philadelphia, PA 19124


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By: _____
Keith D. Heinold
Attorney ID. No. 30244
Attorney for Defendant,
Chrysler Group LLC

2000 Market Street
Philadelphia, PA  19103
215-575-2640 (P)
215-575-0856 (F)
kdheinold@mdwcg.com

**DATED:** _____

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JULY 2014

E-Filing Number: 1407021

001069

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| WILLIAM D. MUSNOFF | CHRYSLER GROUP, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 2792 LEIDY ROAD<br>GILBERTSVILLE PA 19525 | 1000 CHRYSLER DRIVE<br>AUBURN HILLS MI 48326 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| CHRISTINA TSICHLIS | GEGNAS CHRYSLER PLYMOUTH |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 2792 LEIDY ROAD<br>GILBERTSVILLE PA 19525 | 3875 KENSINGTON AVENUE<br>PHILADELPHIA PA 19124 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| 2 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☒ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br>JUL 11 2014<br>**J. OSTROWSKI** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: WILLIAM D MUSNOFF , CHRISTINA TSICHLIS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| WILLIAM. P. FEDULLO | 121 SOUTH BROAD STREET 8TH FLO<br>PHILADELPHIA PA 19107 |

| PHONE NUMBER | FAX NUMBER | |
| (215)235-6500 | (215)864-9617 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| 23681 | williamfedullo@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| WILLIAM FEDULLO | Friday, July 11, 2014, 12:04 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

ROSEN, SCHAFER & DiMEO, LLP
E-mail@: williamfedullo@gmail.com
BY:          WILLIAM P. FEDULLO, ESQUIRE
IDENTIFICATION NO. 23681
121 SOUTH BROAD STREET - 8TH FLOOR
PHILADELPHIA, PA 19107
(215) 235-6500

THIS IS A MAJOR NON-JURY
CASE. ASSESSMENT OF
DAMAGES IS REQUIRED.

ATTORNEY FOR PLAINTIFFS

| | | |
|---|---|---|
| WILLIAM D. MUSNOFF | : | COURT OF COMMON PLEAS |
| 2792 LEIDY ROAD | : | OF PHILADELPHIA COUNTY, PA |
| GILBERTSVILLE, PA 19525 | : | |
| AND | : | CIVIL ACTION |
| CHRISTINA TSICHLIS, H/W | : | |
| 2792 LEIDY ROAD | : | |
| GILBERTSVILLE, PA 19525 | : | |
| VS. | : | |
| CHRYSLER GROUP, LLC | : | TERM, 2014 |
| 1000 CHRYSLER DRIVE | : | |
| AUBURN HILLS, MICHIGAN 48326-2766 | : | |
| AND | : | |
| GEGNAS CHRYSLER PLYMOUTH | : | |
| 3875 KENSINGTON AVENUE | : | |
| PHILADELPHIA, PA 19124 | : | NO. |

COMPLAINT - CIVIL ACTION
(2P - PRODUCT LIABILITY CASE)

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**Philadelphia Bar Association
Lawyer Referral & Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone:  (215) 238-6333**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenserse de estas demandas expuestas en la paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abodogo y entregar a la corte en forma escrita sus defensas or sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede poder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABODOGO INMEDIATAMENTE. SI NO TIENE ABODOGO O SI NO TIENE EL DINERO SUFICENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**Associacion DeLicenciados De Filadelfia
Servicio DeReferencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:  (215) 238-6333**

Case ID: 140701069

ROSEN, SCHAFER & DiMEO, LLP
E-mail@: williamfedullo@gmail.com
BY: WILLIAM P. FEDULLO, ESQUIRE
IDENTIFICATION NO. 23681
121 SOUTH BROAD STREET - 8th FLOOR
PHILADELPHIA, PA 19107
(215) 235-6500

This is a Major Non-Jury
Case. Assessment of
Damages Hearing is
Required.

| | |
|---|---|
| WILLIAM D. MUSNOFF | : COURT OF COMMON PLEAS |
| 2792 LEIDY ROAD | : OF PHILADELPHIA COUNTY, |
| GILBERTSVILLE, PA 19525 | : PA |
| AND | : |
| CHRISTINA TSICHLIS, H/W | : CIVIL ACTION |
| 2792 LEIDY ROAD | : |
| GILBERTSVILLE, PA 19525 | : |
| VS. | : TERM, 2014 |
| CHRYSLER GROUP, LLC | : |
| 1000 CHRYSLER DRIVE | : |
| AUBURN HILLS, MI 48326-2766 | : |
| AND | : |
| GEGNAS CHRYSLER PLYMOUTH | : |
| 3875 KENSINGTON AVENUE | : |
| PHILADELPHIA, PA 19124 | : NO. |

## COMPLAINT - CIVIL ACTION
## 2P - PRODUCT LIABILITY CASE

1.)     Plaintiff, William D. Musnoff is an adult and citizen of the Commonwealth of

Pennsylvania, residing at 2792 Leidy Road, Gilbertsville, Pennsylvania 19525.

2.)     Plaintiff, Christina Tsichlis is an adult individual of the Commonwealth of

Pennsylvania and the wife of Plaintiff, William D. Musnoff residing at 2792 Leidy Road,

Gilbertsville, PA 19525.

3.)     Defendant, Chrysler Group, LLC (hereinafter Chrysler) is a corporation organized

under the laws of the State of Michigan with corporate offices located at 1000 Chrysler Drive,

Auburn Hills, Michigan 48326. At all times relevant hereto Chrysler Group LLC, and its

predecessors did business in the Commonwealth of Pennsylvania and the city of Philadelphia.

Case ID: 140701069

-2-

4.) Defendant, Gegnas Chrysler Jeep (hereinafter Gegnas) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with offices located at 3875 Kensington Avenue, Philadelphia, Pennsylvania 19124.

5.) On October 20, 2006, Plaintiff, William D. Musnoff purchased a new 2006 Chrysler Town and Country, VIN Number 2A8GP54L26R858749 from Defendant, Gegnas.

6.) The 2006 Chrysler Town and Country purchased by Plaintiff, William D. Musnoff was manufactured, designed, marketed and sold by Defendant Chrysler through the Defendant, Gegnas dealership.

7.) On or about Saturday, July 21, 2012, as the Plaintiff was packing groceries after food shopping at Aldi Supermarkets located at 297 Armand Hammer Boulevard, Pottstown, Pennsylvania 19464, he reached up to prevent the tailgate from hitting his head, the window shattered and he suffered a severe laceration to the right thumb and right hand requiring emergency treatment and surgical intervention including Extensor Pollicis Longus tendon repair.

8.) The glass should not have shattered into jagged pieces as it did, injuring the Plaintiff severely and requiring emergency treatment and surgical intervention.

## COUNT I:
## WILLIAM D. MUSNOFF V. CHRYSLER GROUP, LLC

9.) Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 8 above as though the same were set forth at length.

Case ID: 140701069

-3-

10.)    Upon information and belief, the accident of July 21, 2012, wherein Plaintiff was injured, was caused by the defective nature of the design and glass in Plaintiff's vehicle, which defect existed at the time the vehicle left Defendant Chrysler's care, custody and control and rendered Plaintiff's vehicle unreasonably dangerous for its intended use.

11.)    As a result of the defective nature of the design and the glass, Defendant is strictly liable to Plaintiff pursuant to SS402A of the Restatement (Second) of Torts for the following reasons:

A.)    Failing to properly and adequately manufacturer the rear window and the glass contained therein.

B.)    Failing to properly and adequately manufacturer the rear window and the glass contained therein.

C.)    Failing to use glass in the rear window which would break in the way as to not injure Plaintiff.

D.)    Failing to use glass in the rear window that would not break with such minor impact.

E.)    Failing to warn Plaintiff of the dangerous nature of the glass shattering in the rear window.

F.)    Failing to recall vehicle that had such an obvious defect.

G.)    Failing to conform to Federal Safety Standards.

H.)    Other defects as may become evident through the course of discovery or trial.

-4-

12.)    As the direct result of the defects in the rear window and the glass contained

therein as described above, Plaintiff suffered injuries, including but not limited to right hand and

thumb and tendon laceration including a complete laceration of the Extensor Pollicis Longus

(EPL) tendon which required emergency room treatment and eventual surgery, which has

resulted in numbness, loss of strength and limited ability to fulfill his occupation and which may

be permanent in nature.

        A.)    As a direct result of Defendant's actions, Plaintiff has sustained injuries to his right hand and wrist that has required surgery, and has left him with numbness, weakness, tenderness and arthritis in the affected area; all of which injuries have caused Plaintiff great pain and suffering; may continue for an indefinite time in the future and may be permanent.

        B.)    As a direct result of Defendant's actions, Plaintiff has and will in the future be obliged to expend monies for surgery, medicine and medical care in order to treat and help cure his injuries.

        C.)    As a direct result of Defendant's actions, Plaintiff has in the past and will in the future be unable to attend to his usual and daily duties and employment, to his financial detriment and loss.

WHEREFORE, Plaintiff demands that judgment be entered against Defendant, Chrysler

and for Plaintiff in an amount in excess of Fifty Thousand ($50,000.00) Dollars

exclusive of interest and costs.

## COURT II:
## NEGLIGENCE:
## WILLIAM D. MUSNUFF V. CHRYSLER GROUP, LLC:

13.)    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1

through 12 above as though set forth herein at length.

-5-

14.)   The negligence of Defendant consisted of the following:

    A.)   Failing to discover the defect in the design of rear window and the glass contained therein when Defendant knew or should have known that such a defect existed.

    B.)   Failing to take steps necessary to repair the rear window and the glass contained therein.

    C.)   Failing to properly test the design of the rear window and the glass contained therein.

    D.)   Failing to use glass in the rear window that would not break with such minor impact.

    E.)   Failure to respond to the numerous reports of windows shattering on the model product.

    F.)   Failing to recall vehicle that had such obvious defect.

    G.)   Failing to conform to Federal Safety Standards.

    H.)   Such other negligence which may be discovered at a later date.

15.)   As a direct result of Defendant's negligence, Plaintiff suffered severe and permanent injuries as were fully described above.

WHEREFORE, Plaintiff demands that judgment be entered against Defendant, Chrysler and for Plaintiff in an amount in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs.

**COUNT III:**
**WILLIAM D. MUSNOFF V. CHRYSLER GROUP LLC:**
**BREACH OF WARRANTY:**

16.)   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 above as though the same were set forth herein at length.

Case ID: 140701069

-6-

17.)     At the time Defendant sold the vehicle, Defendant warranted, both expressly and impliedly, that the vehicle was free from defects, and was safe and suitable for the uses it was intended.

18.)     Defendant breached the aforesaid warranties both express and implied, by providing Plaintiff with a vehicle which was defective as more fully described above, and which was neither adequate nor suitable for the uses for which it was intended.

19.)     As a direct result of the Defendant's breach of its express and implied warranties, Plaintiff suffered severe and disabling injuries as more fully described above.

WHEREFORE, Plaintiff demands that judgement be entered against Defendant and for Plaintiff in an amount in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs.

## COUNT IV:
## WILLIAM D. MUSNOFF V. GEGNAS CHRYSLER JEEP
## STRICT LIABILITY:

20.)     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 above as though the same were set forth herein at length.

21.)     Plaintiff purchased the vehicle in essentially the same condition as when it left the manufacturers plant, and used the vehicle in the manner and for the particular purpose which Defendant, Chrysler knew or should have known that it would be used.

22.)     At all times material to this Complaint, the vehicle was not properly and adequately manufactured or designed by Defendant, Chrysler, and thereby exposed Plaintiff to the unreasonable risk of harm which occurred.

Case ID: 140701069

-7-

23.)     Defendant, Chrysler promoted and maintained the vehicle on the market with knowledge of the vehicle's unreasonable risk to the public in general and specifically to the Plaintiff.

24.)     The vehicle purchased and used by the Plaintiff was defective and unreasonably dangerous when sold by Defendant, Chrysler and the Defendant is strictly liable for the injuries arising from its manufacture, the aforesaid sale and Plaintiff's use.

25.)     Defendant, Chrysler knew or should have known that the defect in the vehicle would create a likelihood of serious injuries to the Plaintiff.

26.)     Defendant, Gegnas Chrysler Jeep in the chain of distribution dispensed, prepared and sold the vehicle to Plaintiff and is therefore strictly liable in tort to Plaintiff.

WHEREFORE, Plaintiff demands judgment be entered against Defendant, Gegnas Chrysler Jeep in an amount in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs.

## COUNT V:
## WILLIAM D. MUSNOFF V. GEGNAS CHRYSLER JEEP
## BREACH OF WARRANTY:

27.)     The Plaintiff hereby incorporates paragraphs 1 through 26 as though set forth at length.

28.)     At the time Defendant, Gegnas prepared and sold the vehicle, Defendant warranted both expressly and impliedly, that the vehicle was free from defects, and was safe and suitable for the uses for which it was intended.

-8-

29.)     Defendant breached the aforesaid warranties both express and implied, by providing Plaintiff with a vehicle which was defective as more fully described above, and which was neither adequate nor suitable for the uses for which it was intended.

30.)     As a direct result of Defendant's breach of its express and implied warranties, Plaintiff suffered severe and disabling injuries as more fully described above.

WHEREFORE, Plaintiff demands that judgment be entered against Defendant and for Plaintiff in an amount in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs.

## COUNT VI:
## CHRISTINA TSICHLIS V. ALL DEFENDANTS
## LOSS OF CONSORTIUM:

31.)     Plaintiff, Christina Tsichlis incorporates by reference the allegations contained in paragraphs 1 through 30 above as though set forth herein at length.

32.)     As a result of the injuries to her husband, Plaintiff has been and/or may be compelled to expend monies for medical aid, medicines and the like in an effort to cure him.

33.)     As a result of the injuries to her husband, Plaintiff has been and/or may be compelled to expend monies for medical aid, medicines and the like in an effort to cure him.

34.)     As a result of the injuries to her husband, Plaintiff has been and/or will be deprived of her husband's aid, comfort, society, companionship and affection.

Case ID: 140701069

-9-

35.)   As a direct and proximate result of the injuries to her husband, Plaintiff has suffered and/or continues to suffer from her husband's loss of earnings and/or earning capacity and/or may in the future suffer from his loss of earnings and/or earning capacity.

WHEREFORE, Plaintiff, Christina Tsichlis claims of all Defendant damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs.

Respectfully submitted:

DATE: 7-11-14                    BY

WILLIAM P. FEDULLO, ESQUIRE
ATTORNEY FOR PLAINTIFFS,
WILLIAM D. MUSNOFF AND
CHRISTINA TSICHLIS, H/W

Case ID: 140701069

# VERIFICATION

I, **WILLIAM P. FEDULLO, ESQUIRE,** on behalf of Plaintiff, **WILLIAM D. MUSNOFF,** who is currently unavailable, hereby verify that the statements contained in the foregoing **Civil Action Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the Penalties of 18 Pa., C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: 7 – 11 – 14

**WILLIAM P. FEDULLO, ESQUIRE**

Case ID: 140701069

# EXHIBIT B

William P. Fedullo, Esquire
121 S. Broad Street, 8th Floor
Philadelphia, PA 19107
(215) 235-6500

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**

**William D. Musnoff and Christina Tsichlis**

v.

**Chrysler Group, LLC, et al.**

_____/

**Case No.:14-07-1069**

Commonwealth of Pennsylvania
County of Philadelphia   ss

### AFFIDAVIT OF NON-SERVICE

I, **Dennis Richman**, being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY: | **Gegnas Chrysler Plymouth** |
| DOCUMENTS: | **Complaint** |
| DATE & TIME: | **7/14/2014  6:29 PM** |
| ADDRESS: | **3875 Kensington Avenue** |
| | **Philadelphia, PA 19124** |

I hereby certify and return that  I completed due and diligent attempts to servee Gegnas Chrysler Plymouth.  I therefore return this Complaint  without service on Gegnas Chrysler Plymouth.

Diligent attempts were made per the following notations:

**7/14/2014    Results: This company is out of business.**

I hereby affirm that the information contained in the Affidavit of Non-Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Subscribed and sworn before me, a Notary
Public, this 17th day of July, 2014

_____
Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2017

Dennis Richman
Dennis Richman's Services for the Professional, Inc
1500 John F. Kennedy Blvd. Suite #1706,
Philadelphia, PA 19102
(215) 977-9393



Ref #
Order #P104130

Case ID: 140701069

# EXHIBIT C

William P. Fedullo, Esquire
121 S. Broad Street, 8th Floor
Philadelphia 19107 PA
(215) 235-6500

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**

*Filed and Attested by*
*PROTHONOTARY*
*04 AUG 2014 12:53 pm*
Case No. 140701069

William D. Musnoff and Christina Tsichlis

v.

Chrysler Group, LLC, et al.

**RETURN OF SERVICE**

---

STATE OF MI
COUNTY OF OAKLAND   ss

I, _Robert K. Andrees_ , being duly sworn according to law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

On _7, 18, 14_ at _1:30_ AM / PM, I served **Chrysler Group, LLC** with the following list of documents:
Complaint

Said service was executed at: _30600 Telegraph Rd Ste 2345  Bingham Farm, Mi  48025_
          **Address**                         **City**         **State**        **Zip**

In the following manner

☐ Personally served.

☐ Adult family member with whom said Respondent resides.
   Name: _____ Relationship: _____

☐ Adult in charge of Respondent's residence who refused to give bame and/or relationship.

☐ Manager/Clerk of place of lodging in which Respondent resides.

☑ Agent or person in charge of Respondent's office or usual place of business.

☑ Name: _Judi Scffuett_ Title: _Intake Specialist_ for the agent or person in charge of business

☐ Other: _____

Description of person process was left with: Sex: _F_ Skin: _W_ Hair: _blonde_ Age: _50 ish_ Height: _5'7"_ Weight: _190_

**Non-Service:** After due search, careful inquiry and diligent attempts at the address listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s)

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Vacant   ☐ No Answer - Several Attempts

☐ Address Does Not Exist   ☐ Other _____

Service Attempts: (1) _____ (2) _____ (3) _____ (4) _____
           Date   Time       Date   Time       Date   Time       Date   Time

Signed and sworn before me on
this _18_ day of _July_, 20_14_

_____
Notary Public

LAWRENCE H. WITTENBERG
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Apr 18, 2021
ACTING IN COUNTY OF

_Robert K Andrees_
(Signature)

Dennis Richman Services for the Professional, Inc
1500 John F. Kennedy Blvd. Suite #1706,
Philadelphia, PA 19102
2159779393

Case ID: 140701069

SAAFF/P104131

# EXHIBIT D

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:  KEITH D. HEINOLD
Attorney ID. No. 30244
2000 Market Street
Suite 2300
Philadelphia, PA  19103
215-575-2640

Attorney for Defendant
Chrysler Group LLC



---

| | | |
|---|---|---|
| WILLIAM D. MUSNOFF | : | **COURT OF COMMON PLEAS** |
| and | : | **PHILADELPHIA COUNTY** |
| CHRISTINA TSICHLIS, H/W | : | |
| | : | |
| v. | : | JULY TERM, 2014 |
| | : | |
| CHRYSLER GROUP LLC | : | |
| and | : | |
| GEGNAS CHRYSLER PLYMOUTH | : | NO. 1069 |

<u>**ENTRY OF APPEARANCE**</u>

TO THE PROTHONOTARY:

    Kindly enter my appearance on behalf of defendant, Chrysler Group LLC, in the above-captioned matter.

                                        **MARSHALL DENNEHEY WARNER**
                                        **COLEMAN & GOGGIN**

                                        BY:   */s/ Keith D. Heinold*
                                                  KEITH D. HEINOLD
                                                  Attorney for Defendant
                                                    Chrysler Group LLC

**Dated:**  August 4, 2014